Post-Consummation Trust in accordance with section 1141 of the Bankruptcy Code. Upon the transfer of the Post-Consummation Trust Assets to the Post-Consummation Trust, the Debtors will have no interest in or with respect to such Post-Consummation Trust Assets or the Post-Consummation Trust.

D.    <u>Distribution; Withholding</u>:    The Plan Administrator will make distributions to the Post-Consummation Trust Beneficiaries of the Post-Consummation Trust as provided in the Post-Consummation Trust Agreement and the Plan. The Post-Consummation Trust may withhold from amounts distributable to any entity any and all amounts, determined in the Plan Administrator's sole discretion, to be required by the Plan or any law, regulation, rule, ruling, directive, or other governmental requirement. After appropriate reserves have been established to fund amounts required under the Plan and as identified in the Post-Consummation Trust Agreement (including, but not limited to, amounts to pay Post-Consummation Trust Expenses and the fees and expenses of the Plan Administrator and the Post-Consummation Trust), the funds to be distributed to the Post-Consummation Trust Beneficiaries will be distributed to such Holders on a Pro Rata basis according to the percentages set forth in the Post-Consummation Trust Agreement.

E.    <u>Insurance</u>:    The Post-Consummation Trust will maintain customary insurance coverage for the protection of persons serving as administrators and overseers of the Post-Consummation Trust on and after the Effective Date.

F.    <u>Post-Consummation Trust Implementation</u>:    On the Effective Date, the Post-Consummation Trust will be established and become effective for the benefit of the Post-Consummation Trust Beneficiaries entitled to distributions from the Post-Consummation Trust under the Plan. The Post-Consummation Trust Agreement will contain provisions customary to trust agreements utilized in comparable circumstances, including, but not limited to, any and all provisions necessary to ensure the continued treatment of the Post-Consummation Trust as a grantor trust and the Post-Consummation Trust Beneficiaries as the grantors and owners thereof for federal income tax purposes. All parties (including the Debtors, the Plan Administrator, and the Post-Consummation Trust Beneficiaries) will execute any documents or other instruments as necessary to cause title to the Post-Consummation Trust Assets to be transferred to the Post-Consummation Trust.

G.    <u>Termination of the Post-Consummation Trust</u>:    The Post-Consummation Trust will terminate as soon as practicable, but in no event later than the fifth anniversary of the Effective Date; provided that, on or prior to the date that is six months prior to such termination, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Post-Consummation Trust for a finite period if such an extension is necessary to liquidate the Post-Consummation Trust Assets or to complete any distribution required under the Plan. Notwithstanding the foregoing, multiple extensions may be obtained so long as (1) Bankruptcy Court approval is obtained at least six months prior to the expiration of each extended term and (2) the Plan Administrator receives an opinion of counsel or a favorable ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Post-Consummation Trust as a grantor trust for federal income tax purposes.

H.     Termination of the Plan Administrator:  The duties, responsibilities, and powers of the Plan Administrator will terminate in accordance with the terms of the Post-Consummation Trust Agreement.

I.     **Exculpation;     Indemnification:     The     Plan Administrator,     the Post-Consummation Trust, and any professionals of the Post-Consummation Trust and their representatives will be exculpated and indemnified pursuant to the terms of the Post-Consummation Trust Agreement and the Plan.**

J.     Transferability of the Post-Consummation Trust Interests:  To the extent practicable, the Post-Consummation Trust Interests shall be transferable in accordance with the terms of the Post-Consummation Trust Agreement.

## ARTICLE XI.
## THE LIQUIDATION TRUST;
## THE LIQUIDATION TRUST ADMINISTRATOR

A.     Generally:  The powers, authority, responsibilities, and duties of the Liquidation Trust and the Liquidation Trust Administrator are set forth in and will be governed by the Liquidation Trust Agreement.  The Creditors' Committee will designate the initial Liquidation Trust Administrator, who shall be acceptable to the Prepetition Agent.

B.     Purpose of the Liquidation Trust:  The Liquidation Trust will be established for the primary purpose of liquidating its assets with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust.  Upon the transfer of the Liquidation Trust Assets, the Debtors will have no reversionary or further interest in or with respect to the Liquidation Trust Assets or the Liquidation Trust.  For all federal income tax purposes, the Liquidation Trust Beneficiaries will be treated as grantors and owners thereof and it is intended that the Liquidation Trust be classified as a liquidating trust under Section 301.7701-4 of the Treasury Regulations and that such trust is owned by the Liquidation Trust Beneficiaries.  Accordingly, for federal income tax purposes, it is intended that the Liquidation Trust Beneficiaries be treated as if they had received a distribution of an undivided interest in the Liquidation Trust Assets and then contributed such interests to the Liquidation Trust.  Accordingly, the Liquidation Trust will, in an expeditious but orderly manner, liquidate and convert to Cash the Liquidation Trust Assets, make timely distributions to the Liquidation Trust Beneficiaries, and not unduly prolong its duration.  The Liquidation Trust will not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth herein or in the Liquidation Trust Agreement.  The Liquidation Trust is intended to qualify as a "grantor trust" for federal income tax purposes with the Liquidation Trust Beneficiaries treated as grantors and owners of the trust.

C.     Transfer of Assets to the Liquidation Trust:  The Debtors and the Liquidation Trust Administrator will establish the Liquidation Trust on behalf of the Liquidation Trust Beneficiaries pursuant to the Liquidation Trust Agreement, to be treated as the grantors and deemed owners of the Liquidation Trust Assets, and the Debtors will, as set forth below, transfer, assign, and deliver to the Liquidation Trust, on behalf of the

-47-

Liquidation Trust Beneficiaries, all of their right, title, and interests in the Liquidation Trust Assets, notwithstanding any prohibition of assignability under non-bankruptcy law. The Liquidation Trust will agree to accept and hold the Liquidation Trust Assets in the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries, subject to the terms of the Plan and the Liquidation Trust Agreement.

On the Effective Date, the Debtors will transfer the Liquidation Trust Assets to the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries. Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all the Liquidation Trust Claims will vest in the Liquidation Trust in accordance with section 1141 of the Bankruptcy Code. Upon the transfer of the Liquidation Trust Assets to the Liquidation Trust, the Debtors will have no interest in or with respect to such Liquidation Trust Assets or the Liquidation Trust.

D.    Distribution; Withholding:  The Liquidation Trust Administrator will make distributions to the Liquidation Trust Beneficiaries of the Liquidation Trust as provided in the Liquidation Trust Agreement and the Plan. The Liquidation Trust may withhold from amounts distributable to any Entity any and all amounts, determined in the Liquidation Trust Administrator's sole discretion, to be required by the Plan or any law, regulation, rule, ruling, directive, or other governmental requirement.

E.    Insurance:  The Liquidation Trust will maintain customary insurance coverage for the protection of Entities serving as administrators and overseers of the Liquidation Trust on and after the Effective Date.

F.    Liquidation Trust Implementation:  On the Effective Date, the Liquidation Trust will be established and become effective for the benefit of the Holders of Allowed Claims entitled to distributions from the Liquidation Trust under the Plan. The Liquidation Trust Agreement will contain provisions customary to trust agreements utilized in comparable circumstances, including, but not limited to, any and all provisions necessary to ensure the continued treatment of the Liquidation Trust as a grantor trust and the Holders of Allowed Claims as the grantors and owners thereof for federal income tax purposes. All parties (including the Debtors, the Liquidation Trust Administrator, and the Holders of Liquidation Trust Interests) will execute any documents or other instruments as necessary to cause title to the Liquidation Trust Assets to be transferred to the Liquidation Trust.

G.    Disputed Claims Reserve:  The Liquidation Trust Administrator will maintain, in accordance with the Liquidation Trust Administrator's powers and responsibilities under the Plan and the Liquidation Trust Agreement, a Disputed Claims reserve. The Liquidation Trust Administrator will, in his sole discretion, distribute such amounts (net of any expenses, including any taxes relating thereto), as provided herein and in the Liquidation Trust Agreement, as such Disputed Claims are resolved by Final Order, and such amounts will be distributable in respect of such Disputed Claims as such amounts would have been distributable had the Disputed Claims been Allowed Claims as of the Effective Date. The Liquidation Trust will pay taxes on the taxable net income or gain allocable to Holders of Disputed Claims on behalf of such Holders and, when such Disputed Claims are ultimately resolved, Holders whose Disputed Claims are determined to be Allowed Claims will receive

K&E 13955552

distributions from the Liquidation Trust net of the taxes that the Liquidation Trust previously paid on their behalf.

H.   Termination of the Liquidation Trust:  The Liquidation Trust will terminate as soon as practicable, but in no event later than the fifth anniversary of the Effective Date; provided that, on or prior to the date that is six months prior to such termination, the Bankruptcy Court, upon motion by a party in interest, may extend the term of the Liquidation Trust for a finite period if such an extension is necessary to liquidate the Liquidation Trust Assets.  Notwithstanding the foregoing, multiple extensions may be obtained so long as (1) Bankruptcy Court approval is obtained at least six months prior to the expiration of each extended term and (2) the Liquidation Trust Administrator receives an opinion of counsel or a favorable ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the Liquidation Trust as a grantor trust for federal income tax purposes.

I.   Termination of the Liquidation Trust Administrator:  The duties, responsibilities, and powers of the Liquidation Trust Administrator will terminate in accordance with the terms of the Liquidation Trust Agreement.

J.   Exculpation; Indemnification:  The Liquidation Trust Administrator, the Liquidation Trust, the professionals of the Liquidation Trust, and their representatives will be exculpated and indemnified pursuant to the terms of the Liquidation Trust Agreement.

K.   Transferability of the Liquidation Trust Interests:  To the extent practicable, the Liquidation Trust Interests shall be transferable in accordance with the terms of the Liquidation Trust Agreement.

## ARTICLE XII.
## CONDITIONS PRECEDENT TO CONFIRMATION
## AND CONSUMMATION OF THE PLAN

A.   Conditions to Confirmation:  The following are conditions precedent to Confirmation that must be satisfied or waived in accordance with ARTICLE XII.C:

   1.   The Bankruptcy Court shall have approved the Disclosure Statement, in a manner acceptable to the Debtors, the Prepetition Agent, and the Creditors' Committee, as containing adequate information with respect to the Plan within the meaning of section 1125 of the Bankruptcy Code.

   2.   The proposed Confirmation Order shall be in form and substance acceptable to the Debtors, the Prepetition Agent, and the Creditors' Committee.

   3.   The Liquidation Trust Agreement, Post-Consummation Trust Agreement, the Plan Supplement, and all of the schedules, documents, and exhibits contained therein shall be filed with the Bankruptcy Court in form and substance acceptable to the Debtors, the Prepetition Agent, and the Creditors' Committee.

B.   Conditions Precedent to Consummation:  The following are conditions precedent to Consummation that must be satisfied or waived in accordance with ARTICLE XII.C:

    1.    The Bankruptcy Court shall have authorized the assumption and rejection of Executory Contracts and Unexpired Leases by the Debtors as contemplated by ARTICLE V.

    2.    The Confirmation Order shall have become a Final Order in form and substance acceptable to the Debtors, the Prepetition Agent, and the Creditors' Committee.

    3.    The most current version of the Liquidation Trust Agreement, the Post-Consummation Trust Agreement, the Plan Supplement, and all of the schedules, documents, and exhibits contained therein shall be filed with the Bankruptcy Court in form and substance acceptable to the Debtors, the Prepetition Agent, and the Creditors' Committee.

    4.    The Confirmation Date shall have occurred.

C.    <u>Waiver of Conditions Precedent</u>: The Debtors, with consent of the Prepetition Agent and the Creditors' Committee, may waive any of the conditions to Confirmation or Consummation set forth in ARTICLE XII at any time, without any notice to other parties in interest and without any further notice to or action, order, or approval of the Bankruptcy Court, and without any formal action other than proceeding to confirm or consummate the Plan. A failure to satisfy or waive any condition to Confirmation or Consummation may be asserted as a failure of Confirmation or Consummation regardless of the circumstances giving rise to such failure (including any action or inaction by the party asserting such failure). The failure of the Debtors to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right, which may be asserted at any time.

D.    <u>Effect of Non-Occurrence of Conditions to Confirmation</u>: Each of the conditions to Consummation must be satisfied or duly waived pursuant to ARTICLE XII.C and Consummation must occur within 180 days of Confirmation, or by such later date established by Bankruptcy Court order. If Consummation has not occurred within 180 days of Confirmation, then upon motion by a party in interest made before Consummation and a hearing, the Confirmation Order may be vacated by the Bankruptcy Court; <u>provided</u> that, notwithstanding the filing of such motion to vacate, the Confirmation Order may not be vacated if Consummation occurs before the Bankruptcy Court enters an order granting such motion. If the Confirmation Order is vacated for any reason, then except as provided in any order of the Bankruptcy Court vacating the Confirmation Order, the Plan will be null and void in all respects, including the compromise of Claims and termination of Interests pursuant to the Plan and section 1141 of the Bankruptcy Code and the assumptions, assignments, or rejections of Executory Contracts or Unexpired Leases pursuant to ARTICLE V, and nothing contained in the Plan or Disclosure Statement shall (1) constitute a waiver or release of any Claims, Interests, or Causes of Action; (2) prejudice in any manner the rights of such Debtor or any other Entity; or (3) constitute an admission, acknowledgement, offer, or undertaking of any sort by such Debtor or any other Entity.

E.    <u>Satisfaction of Conditions Precedent to Confirmation</u>: Upon entry of a Confirmation Order in form and substance acceptable to the Debtors, the Prepetition Agent, and the Creditors' Committee, each of the conditions precedent to Confirmation, as set forth in ARTICLE XII.A, shall be deemed to have been satisfied or waived in accordance with the Plan.

## ARTICLE XIII.
## MODIFICATION, REVOCATION, OR WITHDRAWAL OF THE PLAN

A.     Modification and Amendments: Except as otherwise specifically provided in the Plan, the Debtors, with the consent of the Prepetition Agent and the Creditors' Committee, reserve the right to modify the Plan and seek Confirmation consistent with the Bankruptcy Code. Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Debtors, with the consent of the Prepetition Agent and the Creditors' Committee, expressly reserve their rights to revoke or withdraw, or to alter, amend, or modify materially the Plan with respect to such Debtor, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission, or reconcile any inconsistencies in the Plan, the Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan. Any such modification or supplement shall be considered a modification of the Plan and shall be made in accordance with ARTICLE XIII. Upon its Filing, the Plan Supplement may be inspected in the office of the clerk of the Bankruptcy Court or its designee during normal business hours, at the Bankruptcy Court's website at www.ilnb.uscourts.gov, and at the Claims and Solicitation Agent's website at http://www.kccllc.net/kimballhill. The documents contained in the Plan Supplement are an integral part of the Plan and shall be approved by the Bankruptcy Court pursuant to the Confirmation Order.

B.     Effect of Confirmation on Modifications: Entry of a Confirmation Order shall mean that all modifications or amendments to the Plan since the solicitation thereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure or resolicitation under Bankruptcy Rule 3019.

C.     Revocation or Withdrawal of Plan: The Debtors reserve the right to revoke or withdraw the Plan prior to the Confirmation Date and to file subsequent plans. If a Debtor revokes or withdraws the Plan, or if Confirmation or Consummation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain of any Claim or Interest or Class of Claims or Interests), assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims or Interests; (b) prejudice in any manner the rights of such Debtor or any other Entity; or (c) constitute an admission, acknowledgement, offer, or undertaking of any sort by such Debtor or any other Entity.

## ARTICLE XIV.
## RETENTION OF JURISDICTION

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction to:

K&E 14053352

1. Allow, disallow, determine, liquidate, classify, estimate, or establish the priority, Secured or unsecured status, or amount of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the Secured or unsecured status, priority, amount, or allowance of Claims or Interests;

2. Decide and resolve all matters related to the granting and denying, in whole or in part, any applications for allowance of compensation or reimbursement of expenses to Professionals authorized pursuant to the Bankruptcy Code or the Plan;

3. Resolve any matters related to: (a) the assumption, assumption, and assignment, or rejection of any Executory Contract or Unexpired Lease to which a Debtor is party or with respect to which a Debtor may be liable and to hear, determine, and, if necessary, liquidate, any Cure or Claims arising therefrom, including Cure or Claims pursuant to section 365 of the Bankruptcy Code; (b) any potential contractual obligation under any Executory Contract or Unexpired Lease that is assumed; (c) the Plan Administrator, or Liquidation Trust Administrator, as applicable, amending, modifying, or supplementing, after the Effective Date, pursuant to ARTICLE V, any Executory Contracts or Unexpired Leases to the list of Executory Contracts and Unexpired Leases to be assumed or rejected or otherwise; and (d) any dispute regarding whether a contract or lease is or was executory or expired;

4. Ensure that distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

5. Adjudicate, decide, or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving a Debtor that may be pending on the Effective Date;

6. Adjudicate, decide, or resolve any and all matters related to Causes of Action;

7. Adjudicate, decide, or resolve any and all matters related to section 1141 of the Bankruptcy Code;

8. Enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

9. To issue such orders in aid of execution of the Plan as may be necessary or appropriate to carry out its intent and purpose or to implement the Plan, to the extent authorized by section 1142 of the Bankruptcy Code;

10. To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan;

11. Enter and enforce any order for the sale of property pursuant to sections 363, 1123, or 1146(a) of the Bankruptcy Code;

K&E 1405352

12. Resolve any cases, controversies, suits, disputes, or Causes of Action that may arise in connection with the Consummation, interpretation, or enforcement of the Plan or any Entity's obligations incurred in connection with the Plan;

13. Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any Entity with Consummation or enforcement of the Plan;

14. Resolve any cases, controversies, suits, disputes, or Causes of Action with respect to the releases, injunctions, and other provisions contained in ARTICLE VIII and enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions;

15. Resolve any cases, controversies, suits, disputes, or Causes of Action with respect to the repayment or return of distributions and the recovery of additional amounts owed by the Holder of a Claim or Interest for amounts not timely repaid pursuant to ARTICLE VII.E.1;

16. Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

17. Determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or the Disclosure Statement.

18. Enter an order or orders and Final Decree concluding or closing each of the Chapter 11 Cases;

19. Adjudicate any and all disputes arising from or relating to distributions under the Plan;

20. Consider any modifications of the Plan to cure any defect or omission or to reconcile any inconsistency in any Bankruptcy Court order, including the Confirmation Order;

21. Determine requests for the payment of Claims entitled to priority pursuant to section 507 of the Bankruptcy Code;

22. Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan, or the Confirmation Order, including disputes arising under agreements, documents, or instruments executed in connection with the Plan, including the Post-Consummation Trust Agreement and the Liquidation Trust Agreement;

23. Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

24. Enforce all orders previously entered by the Bankruptcy Court; and

25. Hear and determine any other matter not inconsistent with the Bankruptcy Code.

## ARTICLE XV.
## MISCELLANEOUS PROVISIONS

A.  **Immediate Binding Effect**: Subject to ARTICLE XII.B and notwithstanding Bankruptcy Rules 3020(e), 6004, or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan and the Plan Supplement shall be immediately effective and enforceable and deemed binding upon the Debtors, the Post-Consummation Trust, the Liquidation Trust, and any and all Holders of Claims and Interests (irrespective of whether the Classes of Claims and Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, and injunctions described in the Plan or herein, each Entity acquiring property under the Plan, and any and all non-Debtor parties to Executory Contracts and Unexpired Leases with the Debtors.

B.  **Additional Documents**: On or before the Effective Date, the Debtors may file with the Bankruptcy Court such agreements and other documents in form and substance reasonably acceptable to the Prepetition Agent and the Creditors' Committee as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan. The Debtors, the Liquidation Trust Administrator or the Plan Administrator, as applicable, and all Holders of Claims receiving distributions pursuant to the Plan and all other parties in interest shall, from time to time, prepare, execute, and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

C.  **Payment of Statutory Fees**: All fees payable pursuant to section 1930(a) of the Judicial Code shall be paid for each quarter (including any fraction thereof) until the respective Chapter 11 Cases are converted, dismissed, or closed, whichever occurs first.

D.  **Dissolution of Committee**: Upon the Effective Date, the Creditors' Committee shall dissolve automatically, except with respect to any appeals filed regarding Confirmation and the resolution of applications for Professional Claims, and members thereof shall be released from all rights, duties, responsibilities, and liabilities arising from, or related to, the Chapter 11 Cases and under the Bankruptcy Code. Notwithstanding anything to the contrary in the Plan or Confirmation Order, the consent and consultation rights afforded to the Creditors' Committee, if any, shall expire immediately upon Consummation, except any consent and consultation rights in connection with any appeals filed regarding Confirmation, any pending litigation or contested matter to which the Creditors' Committee is a party, and the resolution of applications for Professional Claims.

E.  **Reservation of Rights**: Except as expressly set forth in the Plan, the Plan shall have no force or effect unless the Bankruptcy Court shall enter the Confirmation Order. None of the filing of the Plan, any statement or provision contained in the Plan, or the taking of any action by any Debtor with respect to the Plan, the Disclosure Statement, or the Plan Supplement shall be or shall be deemed to be an admission or waiver of any rights of any Debtor with respect to the Holders of Claims or Interests prior to the Effective Date.

F.  **Successors and Assigns**: The rights, benefits, and obligations of any Entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor,

administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Entity.

G. Service of Documents.

1. After the Effective Date, any pleading, notice, or other document required by the Plan to be served on or delivered to the Debtors, the Post-Consummation Trust, the Liquidation Trust, the Creditors' Committee, the Prepetition Agent, or the United States Trustee must be sent by overnight delivery service, facsimile transmission, courier service, or messenger to:

| Debtors | Counsel to Debtors |
|---|---|
| Kimball Hill, Inc.<br>5999 New Wilke Road, Suite 203<br>Rolling Meadows, Illinois 60008<br>Attn:    Ann Hamilton, Esq. | Kirkland & Ellis LLP<br>153 East 53rd Street<br>New York, New York 10022<br>Attn:    Paul M. Basta, Esq.<br>           Catherine Peshkin, Esq.<br>and<br>Kirkland & Ellis LLP<br>200 East Randolph Drive<br>Chicago, Illinois 60601<br>Attn:    Ray C. Schrock, Esq.<br>           Lauren Hawkins, Esq. |
| **United States Trustee** | **Counsel to the Creditors' Committee** |
| Office of the United States Trustee<br>for the Northern District of Illinois<br>219 South Dearborn Street<br>Chicago, Illinois 60604<br>Attn:    William T. Neary, Esq. | Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, New York 10036<br>Attn:    Philip C. Dublin, Esq.<br>           Meredith Lahaie, Esq.<br>and<br>Shaw Gussis Fishman Glantz Wolfson & Towbin LLC<br>321 North Clark Street<br>Chicago, Illinois 60601<br>Attn:    Steven B Towbin, Esq.<br>           Mark Radtke, Esq. |
| **Counsel to the Prepetition Agent** | |
| Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>Attn:    J. Robert Stoll, Esq.<br>           John J. Voorhees, Jr., Esq. | |
| **Plan Administrator** | **Liquidation Trust Administrator** |
| U.S. Bank National Association<br>Corporate Trust Services<br>60 Livingston Avenue<br>St. Paul, Minnesota 55107<br>Attn:    Cindy Woodward | U.S. Bank National Association<br>Corporate Trust Services<br>60 Livingston Avenue<br>St. Paul, Minnesota 55107<br>Attn:    Cindy Woodward |

2. After the Effective Date, the Plan Administrator and the Liquidation Trust Administrator shall have authority to send a notice to Entities that to continue to receive documents pursuant to Bankruptcy Rule 2002, such Entities must file a renewed request to receive documents pursuant to Bankruptcy Rule 2002. After the Effective Date, the Plan Administrator shall be authorized to limit the list of Entities receiving documents pursuant to Bankruptcy Rule 2002 to those Entities who have filed such renewed requests.

K&E 14053357

3. In accordance with Bankruptcy Rules 2002 and 3020(c), within 14 days after the date of entry of the Confirmation Order, the Debtors shall serve the Notice of Confirmation by United States mail, first class postage prepaid, by hand, or by overnight courier service to all parties having been served with the Confirmation Hearing Notice; provided that no notice or service of any kind shall be required to be mailed or made upon any Entity to whom the Debtors mailed a Confirmation Hearing Notice, but received such notice returned marked "undeliverable as addressed," "moved, left no forwarding address" or "forwarding order expired," or similar reason, unless the Debtors have been informed in writing by such Entity, or are otherwise aware, of that Entity's new address. To supplement the notice described in the preceding sentence, within twenty days of the date of the Confirmation Order the Debtors or Plan Administrator shall publish the Notice of Confirmation in *The Wall Street Journal* (National Edition). Mailing and publication of the Notice of Confirmation in the time and manner set forth in the Confirmation Order shall be good and sufficient notice under the particular circumstances and in accordance with the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

4. The Debtors shall serve a notice of the Effective Date on all Entities on whom the Debtors served the Confirmation Hearing Notice and to the Office of the United States Trustee for the Northern District of Illinois no later than ten (10) days after the Effective Date.

H. Term of Injunctions or Stays: Unless otherwise provided in the Plan or in the Confirmation Order, all injunctions or stays in effect in the Chapter 11 Cases pursuant to sections 105 or 362 of the Bankruptcy Code or any order of the Bankruptcy Court, and extant on the Confirmation Date (excluding any injunctions or stays contained in the Plan or the Confirmation Order) shall remain in full force and effect until the Effective Date. All injunctions or stays contained in the Plan or the Confirmation Order shall remain in full force and effect in accordance with their terms.

I. Entire Agreement: Except as otherwise indicated, the Plan and the Plan Supplement supersede all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, and representations on such subjects, all of which have become merged and integrated into the Plan.

J. Governing Law: Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Illinois, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

K. Exhibits: All exhibits and documents included in the Plan Supplement are incorporated into and are a part of the Plan as if set forth in full in the Plan. Except as otherwise provided in the Plan, such exhibits and documents included in the Plan Supplement shall be filed with the Bankruptcy Court on or before the Plan Supplement Filing Date. After the exhibits and documents are filed, copies of such exhibits and documents shall have been available upon written request to the Debtors' Claims and Solicitation Agent, Kurtzman Carson Consultants

LLC, at 2335 Alaska Avenue, El Segundo, California 90245, or by downloading such exhibits and documents from the Claims and Solicitation Agent's website at http://www.kccllc.net/kimballhill or the Bankruptcy Court's website at www.ilnb.uscourts.gov. To the extent any exhibit or document is inconsistent with the terms of the Plan, unless otherwise ordered by the Bankruptcy Court, the non-exhibit or non-document portion of the Plan shall control.

L.      Nonseverability of Plan Provisions:  If, prior to Confirmation, any term or provision of the Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of the Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is:  (1) valid and enforceable pursuant to its terms; (2) integral to the Plan and may not be deleted or modified without the consent of the Debtors, the Prepetition Agent, the Creditors' Committee, the Liquidation Trust Administrator, or the Plan Administrator, as applicable; and (3) nonseverable and mutually dependent.

M.      **Waiver or Estoppel: Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, Secured or not subordinated by virtue of an agreement made with the Debtors or their counsel, the Creditors' Committee or its counsel, or any other Entity, if such agreement was not disclosed in the Plan, the Disclosure Statement, or papers filed with the Bankruptcy Court prior to the Confirmation Date.**

N.      Conflicts:  Except as set forth in the Plan, to the extent that any provision of the Disclosure Statement, the Plan Supplement, or any other order (other than the Confirmation Order) referenced in the Plan (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan, the Plan shall govern and control.

K&E 14053352.

Chicago, Illinois
Dated: March 11, 2009

        Kimball Hill, Inc.;
        18th and Peoria, LLC;
        KH Financial Holding Company;
        KH Ingham Park South, LLC;
        KHH Texas Trading Company L.P.;
        Kimball Hill Far East Detroit, LLC;
        Kimball Hill Homes Austin, L.P.;
        Kimball Hill Homes California, Inc.;
        Kimball Hill Homes Dallas, L.P.;
        Kimball Hill Homes Florida, Inc.;
        Kimball Hill Homes Houston, L.P.;
        Kimball Hill Homes Illinois, LLC;
        Kimball Hill Homes Nevada, Inc.;
        Kimball Hill Homes Ohio, Inc.;
        Kimball Hill Homes Oregon, Inc.;
        Kimball Hill Homes Realty Florida, Inc.;
        Kimball Hill Homes San Antonio, L.P.;
        Kimball Hill Homes Texas Investments, L.L.C.;
        Kimball Hill Homes Texas Operations, L.L.C.;
        Kimball Hill Homes Texas, Inc.;
        Kimball Hill Homes Washington, Inc.;
        Kimball Hill Homes Wisconsin, Inc.;
        Kimball Hill Stateway, Inc.;
        Kimball Hill Texas Investment Company, L.L.C.;
        Kimball Hill Urban Centers Chicago One, L.L.C.;
        Kimball Hill Urban Centers Chicago Two, L.L.C.;
        Kimball Hill Urban Centers Special Purposes, LLC;
        Kimball Hill Urban Centers, L.L.C.;
        National Credit and Guaranty Corporation; and
        The Hamilton Place Partnership.

                By:
                Name: Ann M. Hamilton
                Title: Authorized Signatory

K&E 14053352.

COUNSEL:

___/s/ Ray C. Schrock___
KIRKLAND & ELLIS LLP
Paul M. Basta, Esq.
Catherine Peshkin, Esq.
Citigroup Center
153 East 53rd Street
New York, New York 10022

and

Ray C. Schrock, Esq.
Lauren Hawkins, Esq.
Aon Center
200 East Randolph Drive
Chicago, Illinois 60601

Counsel to the Debtors

K&E 14053352.