**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 08-10095 |
| | ) | |
| KIMBALL HILL, INC. | ) | Hon. Timothy A. Barnes |
| | ) | Related Docket Nos. 4051, 4052, 4187, |
| Debtor. | ) | 4292 and 4293 |
| | ) | **Hearing Date: 1/17/2019 at 10 am** |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on **January 17, 2019 at 10:00 a.m.**, or as soon thereafter as counsel by be heard, counsel for Fidelity and Deposit Company of Maryland ("F&D"), shall appear before the Honorable Timothy A. Barnes, Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Courtroom 744, Chicago, Illinois 60604, or any other Judge sitting in his place or stead, and then and there present **MOTION FOR STAY PENDING APPEAL** to be filed electrically through the Court's ECF Filing System.

Dated: January 10, 2019        FIDELITY & DEPOSIT COMPANY OF
                               MARYLAND


                               By:   /s/ *Cornelius F. Riordan*
                                        One of its attorneys

Cornelius F. Riordan (IL ARDC #2342634)
Email: criordan@srcattorneys.com
*Attorney for Fidelity & Deposit Company of Maryland*
SCHUYLER, ROCHE & CRISHAM, P.C.
180 N. Stetson Ave., Suite 3700
Chicago, IL 60601
Tel: (312) 565-2400
Fax: (312) 565-8300


Alan I. Moldoff (Admitted *pro hac vice*)
Email: amoldoff@eckertseamans.com
*Attorney for Fidelity and deposit Company of Maryland*
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Direct: (215) 851.8450
Fax:    (215) 851.8383

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing document was served upon the parties listed on the service list below via the ECF Filing System on January 10, 2019.

/s/ *Cornelius F. Riordan*

## SERVICE LIST

Edward Ruff
Email: eruff@pretzel-stouffer.com
Michael P. Turiello
Email: mturiello@pretzel-stouffer.com
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606

William W. Thorsness
Email: wthorsness@vedderprice.com
VEDDER PRICE
222 N. La Salle St.
Chicago, Illinois 60601

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 08-10095 |
| | : | (Jointly Administered) |
| | : | Related Docket Nos. 4051, 4052, 4187, |
| KIMBALL HILL, INC., | : | 4293 and 4294 |
| | : | Hon. Timothy A. Barnes |
| Debtor | : | **Hearing Date:  1/17/ 2019 at 10 a.m.** |

**MOTION FOR STAY PENDING APPEAL**

Fidelity and Deposit Company of Maryland ("F&D"), through its counsel, hereby moves the Bankruptcy Court (the "Court") for entry of an Order staying enforcement of the Memorandum Decision and the Order entered on March 20, 2017 [Docket Nos. 4051 and 4052] (collectively, the "Enforcement Order")  and the Order entered on  July 21, 2017 denying, in part, and granting, in part, Motion of Fidelity and Deposit Company of Maryland to Alter and/or Amend the Enforcement Order [Docket No. 4187] ("7/21/17 Order") and the Memorandum Decision and Order entered on January 3, 2019  [Docket Nos. 4292 and 4293] (collectively, the "Enforcement Damage Order") in connection with the TRG Venture Two, LLC ("TRG") Motion for Entry of an Order (i) Enforcing Confirmation Order; (ii) Directing Dismissal of State Court Claim; (iii) Awarding Damages, and (iv) granting related relief ]Docket No. 3969] (the "TRG Enforcement Motion"), pending appeal of the Enforcement Damage Order, the Order (the "Enforcement Order") granting, in part, the TRG Enforcement Motion [Docket No. 4068].  This Motion (the "Stay Pending Appeal Motion") is made and presented pursuant to Fed. R. Bankr. P 8005 and/or Fed. R. Bankr.  P. 7062, and in support thereof, F&D respectfully shows the Court as follows:

## JURISDICTION

1. This Court has jurisdiction to enter the order requested herein pursuant to 28 U.S.C. Sections 157 and 1334.

2. F&D intends to file a Notice of Appeal pursuant to 28 U.S.C. Section 158(a) and Fed.R.Bankr.P. 8001 on or before the due date of January 17, 2019.

3. Rule 8007, applicable to appeals in bankruptcy cases, provides that a motion for stay of the judgment, order or decree of a bankruptcy judge must ordinarily be presented to the bankruptcy judge in the first instance. Fed.R.Bankr.P. 8007(a)(1). Fed.R.Bankr.P. 8007(a) also provides that, ordinarily, a party must move first in the bankruptcy court for the approval of a supersedeas bond. In addition, Fed.R.Bankr.P. 7062 provides for a stay of proceedings to enforce a judgment.

## BACKGROUND

4. On July 18, 2016, TRC filed the Enforcement Motion [Docket No. 3969].

5. On March 20, 2017, the Court entered the Enforcement Order, which granted the Enforcement Motion to the extent that the Court determined that claims asserted by F&D in the state court litigation (the "State Court Litigation") were released and enjoined under the Plan of Reorganization confirmed in this bankruptcy case (the "Plan") and Order confirming same (the "Confirmation Order"). The Enforcement Order further provided, inter alia, that a status hearing would be set on the amount of civil contempt damages, if any were owed to TRG as a result of the findings in the Enforcement Order.

6. Thereafter, additional hearings and a trial were held on the issue of damages, and after additional briefing, on January 3, 2019, the Court the Enforcement Damage Order.

7. The Enforcement Damage Order awarded TRG damages in the amount of $9,539,768.54 and further provides that the stay imposed in this Court's prior order [Docket No. 4187] of the Court's directive to dismiss the State Court Lawsuits is lifted and that F&D must dismiss the claims brought by it against TRG in the State Court Lawsuits (including any appeals thereto).[1]

## RELIEF REQUESTED

8. F&D requests that this Court stay enforcement of the Enforcement Order, the 7/21/2017 Order and the Enforcement Damage Order pending F&D's appeal of those orders. This requests includes a stay of the three pending State Court Actions.

9. F&D also requests approval to post a supersedeas bond in the amount of Fifteen Million Dollars $15,000,000.00, pending disposition of appeals taken in this matter.

## ARGUMENT

10. Federal Rule of Bankruptcy Procedure 8007(a) provides that a party may make a motion in the Bankruptcy Court to stay a judgment, order or decree of the Bankruptcy Court pending appeal and for the approval of a supersedeas bond. Federal Rule of Bankruptcy Procedure 8007(a)(2) provides that a motion for such relief for a stay may be made either before or after the notice of appeal is filed. In addition, Fed.R.Bankr.P. 7062(d) provides for a stay with a bond on appeal.

11. Similar to a preliminary injunction, the purpose of a stay pending appeal is to mitigate the damage that could be done before the matter is substantively resolved. *See, In re A&F*

---

[1] Currently, three of the six State Court Actions remain pending, those being *City of Elgin v. F&D, et al.*, No 12 MR 53, *Village of Montgomery v F&D et al*, No. 10 MR 598 and *Village of Sugar Grove v. F&D, et al.*, No 10 MR 597, all of which are pending in Kane County.

*Enters, Inc. II,* 742 F.3d 763, 766 (7th Cir. 2014).  The goal is to minimize the cost of error.  *Id.*  Also see, *Stuller, Inc. v. Steak N Shake Enters Inc.*, 695 F.3d 676, 678 (7th Cir. 2012).

12. Due to the similarity between stays and preliminary injunctions, the standards are the same; like a motion for preliminary injunction, courts evaluate "the moving parties' likelihood of success on the merits, the irreparable harm that will result to each side if a stay is either granted or denied in error, and whether the public interest favors one side or the other.  In re *A&F Enters, Inc. II, supra,* at page 766.

13. As with a motion for a preliminary injunction, a "sliding scale" approach applies; the greater the moving party's' likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, <u>and vice versa</u> [emphasis added].  *A&F Enterprises, Inc., supra* at page 766.

14. Utilizing a similar analysis, it has been recognized that if the harms strongly favor the moving party, then the Court need only find that the moving party has raised substantial and serious questions.  *In re Schenandoah Realty Partners, L.P.*, 248 B.R. 505, 510 (W.D. Va. 2000) (citing, *In re Skinner,* 202 B.R. 867, 868 (W.D. Va. 1996).  If, on the other hand, the harms are evenly balanced, then the moving party must make a stronger showing on the success of the merits.  *Id.*  See, for example, *In re Marder*, 100 B.R. 989,991 (N.D. Ill. 1989) (where the Court held that while the likelihood of success did not appear to strongly weigh in favor of any of the litigants, a stay would be granted where there would be irreparable harm to the appellant by a denial of the issuance of a stay, no substantial harm would be suffered by the other parties if the stay is issued, and there would be no harm to the public interest if the stay is granted).

15. In this case, the harm to F&D if a stay is not granted is clearly demonstrable.  The Enforcement Damages Order lifts the stay previously imposed by this Court by a prior Order of

the Court's directive to dismiss the state court law suits and F&D is, by the directive of the Enforcement Damages Order now required to dismiss the claims brought by it against TRG in the state court law suits (including any appeals relating thereto). In so doing, F&D will be irreparably harmed by losing its rights to pursue claims against TRG in the event F&D is successful on appeal.

16. Contrarily, TRG will suffer no harm. F&D has agreed to post a supersedeas bond in the amount of Fifteen Million Dollars $15,000,000.00 to secure the damages award and any damages that may accrue during the appeal period, including, without limitation, post-judgment interest. Counsel for F&D has conferred with counsel for TRG regarding the amount of the bond and counsel for TRG has advised counsel for F&D that a bond in the amount of $15 million would be sufficient to protect TRG's interests during the prosecution of this appeal. As such, if the Court approves the bond, TRG will suffer no prejudice by the prosecution of this appeal. Accordingly, it is clear that the harms strongly favor the moving party in this case. Irreparable harm will be incurred by F&D and no harm will be incurred by TRG.

17. As such, the threshold for a showing of a likelihood of success on appeal should be afforded less consideration than the relative harm between the parties in the determination of granting a stay pending appeal.

18. F&D asserts that substantial and serious questions have been raised which merit appellate review. Among these, are (i) whether boiler plate successor and assigns provision at the end of a plan document can be reasonably construed to afford "successor" status to a purchaser of property from a "released party" entitled to the benefit of the plan release; (ii) whether claims asserted by F&D against TRG which arise out of covenants that run with the land can be affected by a release given to a predecessor owner of that land; (iii) whether the bankruptcy court properly analyzed "mitigation" issues in connection with the damage award; (iv) whether the bankruptcy

court properly considered the "causation' issue in connection with the damage award; and (v) whether the damage analysis for the "property loss" included within the damage award was appropriate.

19.  Granting the stay pending appeal under these circumstances would preserve the status quo since F&D has agreed to post a supersedeas bond in the amount of $15 million.

20.  Public interest would be served by imposition of a stay pending appeal. If a stay is not granted, it will deprive F&D of its due process rights of an appeal. If a stay is not granted and F&D is required to not only pay the damage award but to pursue claims which F&D believes are litigate claims against TRG, F&D will irreparably and forever lose the right to assert such claims. In short, F&D will be deprived of its right to prosecute its appeal of the disposition of the Enforcement Motion, especially where, as here, there will be no demonstrable harm to TRG. F&D must be afforded the opportunity to preserve its right of appeal.

WHEREFORE, F&D requests that this Court enter an Order granting the Motion for a Stay Pending Appeal and Imposing a Stay of the Enforcement Order, the 7/21/2017 Order and the Enforcement Damage Order together with the posting of a supersedeas bond in the amount of Fifteen Million Dollars ($15,000,000.00) and granting such further relief as is just and proper.

Dated: January 10, 2019               Respectfully submitted,

                                      FIDELITY & DEPOSIT COMPANY OF MARYLAND


                                      By:   /s/ *Cornelius F. Riordan*

Cornelius F. Riordan (IL ARDC #2342634)
Email: criordan@srcattorneys.com
*Attorney for Fidelity & Deposit Company of Maryland*
SCHUYLER, ROCHE & CRISHAM, P.C.
180 N. Stetson Ave., Suite 3700
Chicago, IL 60601
Tel: (312) 565-2400
Fax: (312) 565-8300


Alan I. Moldoff (Admitted *pro hac vice*)
Email: amoldoff@eckertseamans.com
*Attorney for Fidelity and deposit Company of Maryland*
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Direct: (215) 851.8450
Fax:    (215) 851.8383